**Doris M. SCHMIDT, Appellant,**

v.

**DEPARTMENT OF NATURAL RESOURCES, State of Alaska, Appellee.**

**No. 4716.**

Supreme Court of Alaska.

March 14, 1980.

Ben T. Delahay, Jr., Soldotna, for appellant.

Sarah Elizabeth Fussner, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

OPINION

PER CURIAM.

In 1965, Doris Schmidt leased a stretch of tidal lands from the Department of Natural Resources, State of Alaska (DNR), to be used solely for the purpose of set net fishing. The lease was for a period of ten years. It expired on April 13, 1975; in 1976, an application to lease the same stretch of land was made to DNR by Robert Schmidt, Doris's husband, as trustee for Armin Schmidt, their son. Soon thereafter, Mrs. Schmidt submitted an application for that same site, claiming that she was entitled to a preference in issuance of the new lease under the terms of her prior lease.

On January 27, 1975, the DNR wrote to Mrs. Schmidt advising her that the lease would expire in April 1975, and that if she wished to extend the lease, she was to sign a document enclosed with the letter and return it to the department within thirty days, accompanied by a payment of $40.00 for the next annual rental. The enclosed

document was entitled "Application For and Amendment Extending Shore Fishing Lease." On March 21, 1975, a second letter was mailed to Mrs. Schmidt by certified mail, return receipt requested, advising her that the application and rental fees must be returned to the office prior to the expiration date if they were to be renewed. On the copy of this letter, there is a notation dated April 14, 1975, that it was returned unclaimed and remailed by regular mail on April 15, 1975. Mrs. Schmidt does not contend that she failed to receive the letter or the application to extend the lease for a new term.

The Director of the Division of Land and Water Management (Director) decided to lease the site to Mr. Schmidt. He found that Mrs. Schmidt was not entitled to a preference, and that Armin was the most qualified applicant. The Commissioner of the Department of Natural Resources (Commissioner) affirmed the Director's decision.

On appeal to the superior court, the administrative action was approved. This appeal followed.

Mrs. Schmidt alleges that the right to a preference arises under Clause 21 of her lease, which stated: [1]

A lessee under an existing lease shall, upon the expiration or the termination by mutual agreement of said lease, be allowed a preference right to release those lands previously leased by him if all other sections of these regulations are complied with. When the lease is offered to the preference right holder, he shall exercise his right within thirty (30) calendar days after said lease is offered by the Director. Failure to do so shall result in forfeiture and cancellation of the preference right. No preference right shall inure to a lessee whose lease has been cancelled or terminated for cause.

The DNR responds that Clause 21 does not grant preferred status unless the leaseholder has given notice of a desire to renew the lease prior to its expiration, pursuant to Clause 20 of the lease:

If the Lessee desires a renewal lease on the lands, he shall not sooner than ninety (90) calendar days prior to the expiration of his lease make application for renewal lease in writing, certifying as to his interest therein, the purpose for which he desires a renewal lease and such other information as the Director may require. The applicant shall deposit with such application the sum equivalent to fifty percent (50%) of the annual rental payment still in effect, but not to exceed $50.00. The Director may thereafter lease said lands in compliance with all sections of the regulations with a preference being allowed the former lessee.

Mrs. Schmidt argues that Clauses 20 and 21 confer two distinct preferences, one being the right to a renewal of the lease when application is made in accordance with Clause 20, and the other being the right to a preference after the lease has expired, a right which she claims extends in time indefinitely so long as no new lease is made on that property. DNR argues that only a single preference is created, one that arises at the time the lease lapses. Clause 20 establishes the prerequisite to that right, and Clause 21, it says, establishes the cut-off date for the preference.

We find it unnecessary to resolve the dispute as to these two confusing provisions [2] for even if we were to accept Mrs. Schmidt's contention that two separate rights were granted, it appears that not only did she fail to exercise the right of renewal specified in Clause 20, but she also failed to accept the offer of a preference right to re-lease the premises. She was

1. Clause 21 was taken verbatim from then-existing 11 AAC 64.400. The requirement of compliance with "these regulations," in the context of the lease, may be read as a requirement of compliance with the other lease terms, or literally, as a requirement of compliance with applicable regulations. It makes little dif-

ference, since compliance with the regulations is made a term of the lease at Clause 15.

2. The two sections of the regulations upon which these clauses are based, 11 AAC 64.390 and 11 AAC 64.400, have since been repealed.

advised that if she wished to extend the lease for an additional ten years, she was to complete the renewal form and return it to the DNR within thirty days. We believe that the DNR thus offered her a preference right which she failed to exercise within the time allowed. True, the offer was initially forwarded before termination of the lease, but even that technicality was obviated by the remailing of the offer after the lease terminated.

The judgment of the superior court approving the administrative decision is AFFIRMED.